512 So.2d 1209 (1987)
Henry P. WUERTZ, Jr. and Margaret Wuertz, wife of Henry P. Wuertz, Jr.
v.
Beatrice Tobias, Wife of Thomas TOBIAS, Thomas Tobias, ABC Insurance Co., Insurer of Beatrice and Thomas Tobias, American Oil Company, DEF Insurance Co., Insurer of American Oil Company, Alfonso Engineers, GHI Insurance Co., Insurer of Alfonso Engineers, Vincent Danna and JKL Insurance Co., Insurer of Vincent Danna.
No. 87-CA-174.
Court of Appeal of Louisiana, Fifth Circuit.
August 26, 1987.
*1210 Dorothy M. Webb, New Orleans, for plaintiffs-appellees.
Joseph S. Palermo, Jr., Bernard, Cassisa, Saporito & Elliott, Metairie, for defendant-appellee General Motors Corp.
Lawrence Larmann, Hiley, McNamara, Hall, Larmann & Papale, Metairie, for defendant-appellee General Accident Ins. Co. and Harold J. Frisard, Jr.
Thomas C. Cowan, Jeffrey J. Christovich, Christovich & Kearney, New Orleans, for third party defendant-appellant Amoco Oil Co.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
American Oil Company (Amoco), the lessor of a service station and a co-defendant in the principal action, filed a third-party demand against Harold J. Frisard, Jr., the lessee of the station, and Frisard's liability insurer, General Accident Insurance Company of America (General). The demand was for indemnification under the lease provisions for any amount for which it may be cast and for all reasonable expenses and attorneys' fees incurred by Amoco in defending itself against the principal action of Henry P. Wuertz, Jr., an employee of *1211 Frisard, for personal injuries sustained when a vehicle entered the service station and collided with the cashier's kiosk (booth).
The trial judge dismissed the principal demand against Amoco by a directed verdict, thus limiting Amoco's third-party demand to a claim for reasonable expenses and attorneys' fees for defending the principal demand. Thereafter, Amoco and Frisard agreed to submit Amoco's claim on its third-party demand to a judge rather than to a jury for adjudication. Apparently, however, there was no specific agreement as to the procedure or methodology for submitting the matter to the judge. After the parties filed memorandums with presently unknown exhibits attached, the trial judge rendered judgment in favor of Amoco and against Frisard for all costs and reasonable expenses and attorneys' fees which were set at $1,500.00. Amoco's subsequent motions to increase the attorneys' fees award to $19,464.16 and/or for a partial new trial at which evidence of the amount of attorneys' fees incurred could be introduced were denied. Amoco appealed and Frisard answered the appeal. We affirm that portion of the judgment which awards Amoco reasonable costs, expenses and attorneys' fees, vacate that portion of the judgment which sets attorneys' fees, and remand the matter to the trial court for an evidentiary hearing to determine what constitutes reasonable costs, expenses and attorneys' fees.
Amoco's third-party demands were based on the following provisions incorporated in Paragraph 11 of its lease agreement with Frisard:
"Lessor, its agents and employees shall not be liable for any loss, damage, injuries, or other casualty of whatsoever kind or by whomsoever caused, to the person or property of anyone (including Lessee) on or off the Premises, arising out of or resulting from Lessee's use, possession or operation thereof, or from defects in the Premises whether apparent or hidden, or from the installation, existence, use, maintenance, condition, repair, alteration, removal, or replacement of any equipment thereon, whether due in whole or part to negligent acts or omissions of Lessor, its agents or employees, and Lessee for himself, his heirs, executors, administrators, successors and assigns, hereby agrees to indemnify and hold Lessor, its agents and employees, harmless from and against all claims, demands, liabilities, suits or actions (including all reasonable expenses and attorneys' fees incurred by or imposed on Lessor in connection therewith) for any such loss, damage, injury or other casualty. Lessee also agrees to pay all reasonable expenses and attorneys' fees incurred by Lessor in connection with the provisions of this paragraph." (Emphasis supplied)
On appeal Amoco contends that except for the amount of attorneys' fees the trial court judgment should be affirmed. However, Frisard and General contend the trial court erred in making any award to Amoco because all allegations by the principal plaintiff against Amoco revolved around the design, placement and construction of the cashier's boothan activity over which Frisard had no imput. They contend that the indemnity provision of the lease, which must be strictly construed, contains no language allowing for indemnification due to defective design or construction of the booth by an independent contractor such as Alfonso Engineering, and therefore Amoco's exclusive remedy for such negligent acts is against Alfonso under the construction contract.
The language used in contracts must be deemed to fully express the parties' intent when the words are clear and explicit and lead to no absurd consequences. La.C.C. art. 2046; Emile M. Babst Co. v. U.S.F. & G., 497 So.2d 1358 (La.1986). The aforecited indemnification provision of the lease specifically provides that the lessee shall indemnify the lessor for any loss, damage, injuries or other casualty (including all reasonable expenses and attorney's fees) arising out of "... defects in the premises, whether apparent or hiddenwhether due in whole or part to *1212 negligent acts or omissions of Lessor, its agents or employees." This clause clearly and unequivocally encompasses liability for defective design, placement and/or construction of the cashier's booth. Thus, Amoco is entitled to recover the reasonable expenses and attorneys' fees expended by it in defense of the principal demand.
Amoco is likewise entitled to recover all reasonable expenses and attorneys' fees incurred in establishing its right to indemnity. While it is the general rule of indemnity that an indemnitee may recover from its indemnitor only those costs and expenses incurred in defense of a claim against the principal demand, when specifically provided for by contract attorneys' fees incurred in establishing the right to indemnity may also be recovered. Morris v. Schlumberger, Ltd., 445 So.2d 1242 (3rd Cir.1984) writ denied 449 So.2d 1345; Commercial Union Insurance Co. v. Melikyan, 430 So.2d 1217 (1st Cir.1983). The closing clause of Paragraph 11 provides that "Lessee also agrees to pay all reasonable expenses and attorneys' fees incurred by Lessor in connection with the provisions of this paragraph." This language clearly and specifically provides for the recovery of attorneys' fees incurred in establishing the right to indemnification. See Commercial Union, supra; compare Morris, supra.
Having concluded as did the trial judge that under the terms of the lease Amoco was entitled to indemnification from Frisard for all reasonable expenses and attorneys' fees incurred in defending the principal demand and in prosecuting its third-party demands, we direct our attention to Amoco's contention that a $1,500.00 award for professional services is grossly inadequate in light of the asserted expenditure of $17,680.00 in attorneys' fees for its defense. Amoco was awarded "reasonable expenses." Appellee does not contend the asserted expenses are unreasonable. The central issue on appeal concerns the fee for professional services.
Parties are permitted to contract with respect to attorneys' fees, but those fees are subject to review and control by the courts. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). While it is true that the question of the value of legal services rendered by an attorney is one that comes particularly within the expertise of the trial judge, see Reynolds, Nelson, Theriot & Stahl v. Chatelain, 428 So.2d 829 (5th Cir.1983), there are guidelines which the judge should follow in either setting a reasonable fee or determining whether a fee is excessive and hence unreasonable. Since the trial judge did not furnish us with written reasons, we do not know his reasoning or basis for setting the attorneys' fees at $1,500.00. Moreover, counsel for the litigants' failure to reduce to writing or otherwise have the record reflect the specific agreement or methodology for submitting the issue to the trial judge results in our inability to determine what was in evidence before the trial judge at the time the ruling was made.
A memorandum filed in the trial court by Frisard's counsel relates: "[IT WAS] agreed that a memorandum, affidavit from Mr. Frisard, a copy of the contract between Amoco Oil and Alfonso Engineering and a copy of the lease agreement between Frisard and Amoco Oil would be submitted to the court to aid the court in reaching its decision." Counsel for Amoco relates in his trial court memorandum: "It was agreed that Amoco's third-party demand for indemnity against Harold Frisard and General Accident Insurance Company would be submitted to this court by each side supplying the pertinent exhibits to the court and memorandum of law in support of their positions." Additionally, counsel for Amoco stated "attached to this memorandum is a copy of the applicable insurance policy marked for identification purposes as Exhibit I as well as the numerous invoices from Christovich & Kearney which are marked for identification purposes as Exhibit II as evidence of its claim for attorney fees and costs arising out of the prosecution of the defense of the case at bar."
The exhibits referred to in counsel for Frisard's memorandum are attached to the memo filed in the record. Additionally, the exhibits specified in counsel for Amoco's memorandum as being attached are now in *1213 fact attached to the memorandum contained in the record. Although the certificate of service signed by counsel for Frisard is dated June 10, 1986 and the certificate for counsel for Amoco is dated June 13, 1986, we are unable to determine from the record when the memorandums and/or the attached exhibits were in fact filed in the record.[1]
On June 20, 1986, the trial judge rendered judgment in favor of Amoco and against Frisard for "all court costs and reasonable expenses incurred by Amoco in defending the plaintiff's claim on the principal demand as well as attorneys' fees which are hereby set at the sum of fifteen hundred dollars ($1,500.00)." No judgment was rendered on Amoco's third-party demand against General, the alleged insurer of Frisard for the claims of Amoco.
Amoco's and Frisard's motions for a new trial as well as Amoco's motion to amend and correct the attorneys' fees were denied.
The Code of Professional Responsibility (now Rules of Professional Conduct) prohibits an attorney from collecting a fee that is in excess of a reasonable fee, DR 2-106(A) (Rule 1.5), and sets forth factors to be considered as guides in determining the reasonableness of attorneys' fees. While DR 2-106 is an internal disciplinary rule, the factors listed therein provide guidance as to the appropriateness of a fee. DR 2-106(B) (Rule 1.5) provides:
"A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent."
A mere review of the record before us shows counsel devoted substantial time and effort in defending Amoco. The record before us (which is only a portion of the entire record) contains 571 pages of pleadings and memorandums. Counsel's invoices reflect 217 hours were devoted to the case and included several days of court appearances. While there is sufficient evidence for us to conclude the $1,500.00 fee is grossly inadequate, there remain enough unanswered variables to require a remand for an evidentiary hearing to determine whether the fees paid by Amoco were reasonable and therefore the extent to which recoverable under the indemnification provisions of the lease. Although the issue is not before us on this appeal, in the interest of judicial expediency the trial judge may wish to expand the evidentiary hearing to include evidence on what constituted reasonable costs and expenses in the defense of the principal demand and reasonable costs, expenses and attorneys' fees incurred in collecting the indemnification claim, and such evidence as may be necessary to decide Amoco's third-party demand against General which apparently has not as yet been done.
*1214 Accordingly, the judgment of the trial court is affirmed insofar as it awards to Amoco reasonable costs, expenses, and attorneys' fees, vacated insofar as it sets the amount of the attorneys' fees at $1,500.00, and the case is remanded to the trial court with instructions to conduct an evidentiary hearing to fix the amount of attorneys' fees recoverable by Amoco from Frisard, to be determined in a manner consistent with the views above expressed. All costs are imposed on Frisard.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
NOTES
[1] Some of the bills now attached to Amoco's memorandum were dated June 18, 1986 which is after the date of the attorney's certificate of service but before rendition of the judgment of June 20, 1986. During the arguments on the motion for a new trial counsel for Amoco stated he was unable to attach all of the bills he had submitted to Amoco before the judgment of July 20, 1986 was rendered because of a computer breakdown. He also stated in oral arguments here that the bills had not been submitted to the trial judge at the time his ruling was made.