IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-30218

ANGELA DAWN DOWLING

Plaintiff

v.

GEORGIA-PACIFIC CORPORATION

Defendant - Third-Party Plaintiff - Appellee

v.

KELLOGG BROWN & ROOT, INCORPORATED

Third-Party Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:02-CV-00637

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Third-Party Defendant-Appellant Kellogg Brown & Root, Incorporated appeals the district court's order granting summary judgment in favor of Georgia-Pacific Corporation based on the court's interpretation of the indemnity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clauses in a construction contract. We are unable to agree with the district court's interpretation of the contract and vacate the judgment and remand for further proceedings.

I

Angela Dawn Dowling, an employee of KBR, was injured at a Georgia-Pacific facility in June 2001. In 1999, Georgia-Pacific contracted with KBR to perform work at Georgia-Pacific's Port Hudson, Louisiana facility. The work was provided pursuant to a Cost Plus Fee Construction Agreement.[1] Dowling was one of the KBR employees performing work under the contract.

Dowling filed suit against Georgia-Pacific, alleging her injuries were the result of Georgia-Pacific's negligence. Georgia-Pacific filed a Third-Party Complaint against KBR and Pacific Employees Insurance Company, KBR's insurer, alleging KBR was required to defend and indemnify Georgia-Pacific against Dowling's claims.[2] KBR filed a counterclaim against Georgia-Pacific alleging Georgia-Pacific's negligence was the cause of Dowling's injuries and that under the terms of the contract, Georgia-Pacific was required to reimburse KBR for the costs related to its defense of Dowling's claims. In April 2007, Georgia-Pacific settled Dowling's claims. KBR did not participate in the settlement. The settlement did not make any allocation of fault as between Georgia-Pacific and KBR.

Georgia-Pacific moved for summary judgment on its claims against KBR on the basis that the contract required KBR to fully indemnify and defend Georgia-Pacific. Georgia-Pacific argued KBR was required to reimburse Georgia-Pacific for the full amount of its settlement with Dowling, as well as its attorneys' fees and expenses related to the settlement and those incurred in

---

[1] The contract specifies Louisiana law shall apply to it.

[2] The district court dismissed Pacific Employees Insurance Company as a party to the suit.

pursuing the Third-Party Complaint. KBR filed a motion for partial summary judgment asking the court to make an allocation of fault between the parties and arguing that KBR is only required to indemnify Georgia-Pacific to the extent its fault caused plaintiff's injury. KBR acknowledged that it was obligated to reimburse Georgia-Pacific for the costs of defending the suit, but asserted that Georgia-Pacific was similarly obligated to reimburse KBR for those costs to the extent Georgia-Pacific was found to be at fault. Additionally, KBR contended that it was not obligated to pay Georgia-Pacific's costs and fees in pursuing the Third-Party Complaint.

The district court granted summary judgment in favor of Georgia-Pacific. It found that the contract did not require an allocation of fault to be made between the parties and that KBR was required to defend Georgia-Pacific against Dowling's claims and to fully indemnify Georgia-Pacific for the amount of its settlement with Dowling. The district court also found that KBR was responsible for costs incurred by Georgia-Pacific in its pursuit for indemnity.

II

We review the district court's grant of summary judgment de novo, applying the same criteria as the district court. Travelers Cas. & Sur. Co. of America v. Baptist Health System, 313 F.3d 295, 297 (5th Cir. 2002). Louisiana rules of contract interpretation shall apply. See Continental Eagle Corp. v. Tanner & Co. Ginning, 663 So.2d 204, 206 (La. Ct. App. 1995) (stating that when a contract specifies the state law to apply to it, that choice shall be given effect absent a strong public policy consideration to the contrary). Summary judgment is appropriate if there exists no genuine issue of material fact. FED. R. CIV. P. (56). Evidence must be viewed in the light most favorable to the nonmoving party, and any reasonable inferences must be drawn in that party's favor. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205-06 (5th Cir. 2007). Here, both parties moved for summary judgment. Each motion must be reviewed

independently to allow for these inferences to be made. Ford Motor Co. v. Tex. Dept. of Transp., 364 F.3d 493, 498 (5th Cir. 2001).

### III

### A

Georgia-Pacific argues that the indemnity provisions of the contract require KBR to indemnify Georgia-Pacific for the full amount of its settlement with Dowling. KBR argues that the district court erred in awarding Georgia-Pacific indemnity and that it is only obligated to indemnify Georgia-Pacific to the extent KBR's negligence caused Dowling's injury. Georgia-Pacific, which was sued by Dowling for its own fault, contended that the contract is sufficiently clear to require KBR to indemnify Georgia-Pacific for its own negligence. The district court agreed with Georgia-Pacific and held that KBR was required to fully indemnify Georgia-Pacific.

In order for a party to be indemnified against its own negligence, the language of the contract must be clear and unequivocal. Berry v. Orleans Parish School Bd., 860 So.2d 283, 285 (La. 2002). "[G]eneral words alone, i.e., 'any and all liability', do not necessarily import an intent to impose an obligation so extraordinary and harsh as to render an indemnitor liable to an indemnitee for damages occasioned by the sole negligence of the latter." Arnold v. Stupp Corp., 205 So.2d 797, 799 (La. Ct. App. 1967). In Arnold, the court held that such general language in the contract did not evidence the parties' intent to require one to indemnify the other for the latter's own negligence. Id.

In cases where indemnity was awarded to a party for its own negligence, the contracts in question have included language explicitly requiring such an interpretation. In Polozola v. Garlock, Inc., the contract language required a contractor to indemnify the company it was working for for any injury "whether caused by [the company's] negligence or otherwise." 343 So.2d 1000, 1002 (La.

4

1977). This is an example of the clear and unequivocal language required to cause a party to be indemnified for its own negligence.

Here, the contract requires KBR to indemnify Georgia-Pacific for losses arising out of the performance of the contract for which KBR is the cause or is liable for. The indemnity provisions of the contract provide:

24.1 Except as provided in Article 16 of these General Conditions and to the fullest extent permitted by law, Contractor [KBR] shall defend, protect, indemnify and hold G-P harmless from any and all losses, costs, expenses, damages, liabilities, payments, recoveries and judgments, including those arising out of bodily injury or property damage, including attorney's fees (hereinafter in this Article 24 referred to as "Loss"), claimed, threatened, incurred by or recovered against G-P and arising out of or resulting from the performance or non-performance of the Work or this Contract by Contractor or its consultants or Subcontractors. To the extent the Loss is caused, in part, by the joint, concurrent or contributory negligence of G-P, its agent or employees, Contractor shall provide said indemnification to the extent or degree Contractor is the cause of or liable for the Loss.

24.2 Contractor shall, at Contractor's sole cost and expense, defend against all actions, suits or other proceedings that may be brought on any and all such claims for which Contractor may have an indemnification obligation under Paragraph 24.1, and any appeals that may be made thereon; and to pay or satisfy any judgment or decree that may be rendered against G-P in any such action, suit or legal proceeding in accordance with and to the extent provided in Paragraph 24.1. G-P shall indemnify Contractor from any Loss incurred by Contractor in connection with any such actions, suits or proceedings to the extent or degree the final judgment decree is based upon the sole, joint, concurrent or contributory negligence of G-P.

(emphasis added). No language included in these provisions requires KBR to indemnify Georgia-Pacific for its own negligence. Instead, the language of Paragraph 24.1 states: "To the extent the Loss is caused, in part, by the joint, concurrent or contributory negligence of G-P, its agent or employees, Contractor

shall provide said indemnification to the extent or degree Contractor is the cause of or liable for the Loss." (emphasis added).

Thus, the contract between Georgia-Pacific and KBR does not include the mandatory clear and unequivocal language requiring KBR to indemnify Georgia-Pacific for Georgia-Pacific's own negligence. To the contrary, it limits KBR's obligation to indemnify Georgia-Pacific to the extent that KBR is the cause of a Loss. Absent the necessary language that would require KBR to indemnify Georgia-Pacific for its own negligence, the indemnity provisions do not require KBR to indemnify Georgia-Pacific for its settlement with Dowling. We agree with KBR that KBR's indemnity obligation under Paragraph 24.1 of the contract is limited to the degree of KBR's fault and cannot be determined without an allocation of fault.

## B

Georgia-Pacific also argues that the insurance provisions of the contract require KBR to indemnify Georgia-Pacific in full. The contract requires KBR to maintain comprehensive liability insurance in the amount of $10 million and to name Georgia-Pacific as an additional insured of the policy. The insurance provisions provide:

> 15.2 The Comprehensive Liability Insurance policies . . . shall include . . . Blanket Written Contractual . . . liability coverage. Blanket Written Contractual Liability Insurance shall specifically include Contractor's [KBR's] indemnification obligations under the Contract.

> 15.3 . . . Except for the Workers' Compensation Insurance, and to the extent of Contractor's obligations under this agreement, G-P shall be an additional insured on all such policies of insurance. The coverages afforded under these insurance policies shall be the primary coverage in all instances regardless of whether or not G-P has similar coverage. . . . Contractor shall be responsible for payment of any and all deductibles from insurance claims under these policies. . . . The maintenance of this insurance shall not in any way operate to limit the liability Contractor to G-P.

15.4 Contractor shall indemnify and hold G-P harmless from and against any and all loss, cost, damage and/or expense actually incurred by G-P as a consequence of any loss sustained as a result of the occurrence of a peril for which coverage is required of the Contractor under this agreement, and from and against any and all loss, cost, damages and/or expense incurred by G-P as a consequence of the application of any exclusions or deductibles under Contractor's insurance described herein, or any of the other policies of insurance required of Contractor under Article 16 hereof.

(emphasis added). KBR obtained the necessary insurance from Pacific Employees Insurance Company. The insurance policy covers Georgia-Pacific by virtue of a Blanket Additional Insured Endorsement. The endorsement provides that if a contract between a Named Insured and another party requires that additional party to be a Additional Insured, " . . . that subject to the coverages and limits provided in this policy such other party shall be considered as Additional Insured on this policy without further action . . . ." Such coverage is limited to "the coverages and the minimum amounts of insurances required to be carried by the Named Insured under the contract and only for the liabilities the Named Insured assumes under the contract."

Georgia-Pacific argues Paragraph 15 requires KBR to fully indemnify the costs of its settlement with Dowling. However, Paragraph 15.2 requires KBR's liability insurance to "specifically include Contractor's indemnification obligations under the Contract" and Paragraph 15.3 requires Georgia-Pacific to be an additional insured "to the extent of Contractor's obligations." The insurance policy only covers "the liabilities [KBR] assumes under the contract." Because the contract's limitations on KBR's obligation to provide insurance is consistent with its indemnity obligation, the insurance obligations do not expand Georgia-Pacific's indemnity rights under the contract.

As discussed above, KBR is only required to indemnify Georgia-Pacific to the extent KBR is liable for or the cause of Dowling's injuries. The contract does

not clearly and unequivocally require KBR to indemnify Georgia-Pacific for Georgia-Pacific's own negligence. KBR's indemnity obligation is limited to its proportion of fault in causing Dowling's injury. In order to make this decision, the district court must determine the facts from the evidence to allocate fault between the parties. The district court shall then enter judgment in favor of Georgia-Pacific only to the extent KBR's fault caused Dowling's injury.

C

Georgia-Pacific also argues KBR's duty to defend requires KBR to reimburse Georgia-Pacific for attorneys' fees incurred in defending Dowling's claim, and KBR acknowledges that it is obligated to defend Georgia-Pacific with respect to Dowling's claim. Georgia-Pacific relies on Paragraph 24.2 of the contract in support of its arguments, which provides:

> Contractor shall . . .defend against all actions . . . for which Contractor may have an indemnification obligation . . . and to pay or satisfy any judgment or decree that may be rendered against G-P in any such action . . . to the extent provided in Paragraph 24.1. G-P shall indemnify Contractor from any Loss incurred by Contractor in connection with any such actions . . . to the extent or degree the final judgment decree is based upon the sole, joint, concurrent or contributory negligence of G-P.

As stated above, KBR has acknowledged that it is required to provide a defense against Dowling's claims. It is unclear from the record to what extent KBR has paid for this defense. On remand, the parties should present sufficient evidence to the district court on this issue so that the court may determine if any amounts remain due.

D

Georgia-Pacific also argues it is entitled to recover attorneys' fees incurred as a result of pursuing its Third-Party Complaint for indemnity against KBR. It contends that these fees were incurred "arising out of or resulting from the

performance or non-performance of the Work or this Contract" by KBR. The district court agreed with this position.

For a party to be indemnified for costs related to pursuing an indemnity claim, the contract must specifically provide for such a recovery. See Wuertz v. Tobias, 512 So.2d 1209, 1212 (La. Ct. App. 1987). In the absence of such a provision, the general rule is "that an indemnitee may recover from its indemnitor only those costs and expenses incurred in defense of a claim against the principal demand." Id. If an indemnity clause is broad and does not address the indemnitee's recovery, the agreement as a whole may be examined to ascertain the parties' intent. See Naquin v. La. Power & Light Co., 951 So.2d 228, 232 (La. Ct. App. 2006).

Here, attorneys' fees are discussed in Paragraph 24.1 as a loss "arising out of or resulting from the performance or non-performance of the Work or this Contract" by KBR. There is no reference to reimbursement of attorneys' fees in connection with pursuing an indemnity claim. In Wuertz, the contract specifically allowed for the collection of attorneys' fees incurred in connection with the terms of the indemnity paragraph. 512 So.2d at 1212. The contractual language here lacks the specificity necessary to allow for the reimbursement of these attorneys' fees. Therefore, Georgia-Pacific is not entitled to recover fees incurred in connection with its pursuit of the Third-Party Complaint.

IV

For the reasons set forth above, we vacate the judgment of the district court and remand this case so that the district court can determine the fault allocable to KBR and Georgia-Pacific in causing Dowling's injury. The court shall then enter judgment in favor of Georgia-Pacific and against KBR for that portion of the settlement sum (together with its attorneys' fees incurred in

defending Dowling's claim) Georgia-Pacific paid Dowling that represents KBR's percentage of fault in causing Dowling's injury.[3]

VACATED and REMANDED

---

[3] KBR's argument that it is eligible for reimbursement of costs of providing Georgia-Pacific's defense against Dowling's claims is supported by Paragraph 24.2 of the contract, which provides ". . . G-P shall indemnify Contractor from any Loss incurred by Contractor in connection with any such actions . . . to the extent or degree the final judgment decree is based upon the sole, joint, concurrent or contributory negligence of G-P." If, after the district court has reviewed the evidence and allocated fault between the parties, it determines that KBR is entitled to such reimbursement, that amount shall be used to offset the judgment for Georgia-Pacific.