ROLAND L. BELSOME, Judge.
 

 |2This litigation arises from injuries sustained by Derrick Edwards while participating as a player on Kennedy High School’s football team. As a result of the injuries, Mr. Edwards is a quadriplegic. Suit was filed against numerous parties including Leroy Walker, the coach for the Kennedy football team.
 

 
 *280
 
 The Orleans Parish School Board (OPSB), on Leroy Walker’s (Coach Walker) behalf, filed a third party demand against the Insurance Company of North America (INA), his professional liability insurer by virtue of his membership in the American Federation of Teachers. In response, INA filed cross-claims against all other defendants including Coach Walker’s employer, the OPSB, as Coach Walker’s subrogee, asserting his rights of indemnity pui'suant to La. R.S. 17:416.4, which provides in pertinent part:
 

 A. In addition to the provisions of R.S. 17:416.1(0, 416.3(B) and (C)(2)(a), and 416.6(B), should any public school employee be sued for damages by any student or any person qualified to bring suit on behalf of any person qualified to bring suit on behalf of any student based on any action or statement or the omission of any action or statement by such employee when in |sthe proper course and scope of his duties as defined by the school board employing such employee, then it shall be the obligation of said school board to provide such defendant with a legal defense to such suit including reasonable attorney fees, investigatory costs, and other related expenses. Should any such employee be east in judgment for damages in such suit, it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment including all principal, interest, and costs, except that the school board shall not be responsible for any costs which the court stipulates are to be borne by a party other than the employee or school board.
 

 On May 14, 1997, Coach Walker entered into a consent judgment with “Madeline D. Edwards Washington, individually and on behalf of Derrick Edwards and Derrick Edwards” for $550,000.00 as compensation for the claims asserted against Leroy Walker. INA satisfied the consent judgment. In exchange for this payment, Coach Walker and INA were released from all past, present and future claims.
 

 On January 10, 2003, INA filed a motion for summary judgment on its cross-claim against OPSB, seeking indemnification from OPSB pursuant to La. R.S. 17:416.4, for the amount of $550,000.00. On April 30, 2003, the trial court granted INA’s motion. On May 9, 2003, the OPSB filed a motion for new trial. The motion for new trial was heard and denied on July 10, 2003. Subsequently, the OPSB appealed to this court prior to having the trial court certify its judgment as final and appealable in compliance with La. C.C.P. art. 1915. Thus, the appeal was dismissed without prejudice.
 
 Edwards v. Doug Ruedling, Inc., et al.,
 
 2003-1788 (La.App. 4 Cir. 4/28/04), 871 So.2d 1280. The April 30, 2003 judgment granting INA’s motion for summary judgment was certified as a final judgment, in |4accordance with art.1915, by the trial court on January 15, 2008. This appeal followed.
 

 The proper standard of review for an appellate court considering summary judgment is
 
 de novo,
 
 using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Reynolds v. Select Properties Ltd.,
 
 93-1480, p. 1 (La.4/11/94), 634 So.2d 1180, 1182;
 
 see also Indep. Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230.
 

 On appeal the OPSB has several enumerated assignments of error, all of which relate to the correctness of the trial court’s judgment finding that INA could be subro-gated to Coach Walker’s rights of indemnification under La. R.S. 17:416.4 by virtue of a consent judgment.
 

 The issue of insurers’ indemnification by the school board under the aforementioned
 
 *281
 
 statute has been discussed in previous opinions.
 
 Declouet v. Orleans Parish School Board,
 
 1996-2805 (La.App. 4 Cir. 6/3/98), 715 So.2d 69;
 
 Richardson v. Orleans Parish School Board,
 
 93-1179 (La.App. 4 Cir. 12/16/93), 629 So.2d 1292 and
 
 Haley v. McManus,
 
 593 So.2d 1339 (La.App. 1 Cir. 12/27/91).
 
 Deelouet, supra
 
 is the most recent opinion rendered on the subject by this court. The specifics of the facts in
 
 Deelouet
 
 are not particularly relevant to the issue at hand. In brief, a mother and sister of a student who died of an asthma attack filed suit against the school board, principal, school counselor and them insurers. After a trial on the merits, judgment was entered in favor of the plaintiffs. The principal and insurers appealed on several grounds.
 

 |sThe pertinent part of the appeal for the case
 
 sub judice
 
 is this Court’s opinion that the counselor’s private insurance carrier was entitled to be indemnified by the school board pursuant to La. R.S. 17:416.4.
 
 Deelouet,
 
 p. 29, 715 So.2d at 84. The Court further reasoned that the obligation for the school board to indemnify under the statute was not strictly personal and could be subrogated.
 
 Id.
 

 By operation of law the OPSB had a duty to defend Coach Walker.
 
 See
 
 La. R.S. 17:416.4(A). In the course of its representation of Coach Walker, the OPSB relinquished its defense in favor of INA. At that time, through the filing of a cross-claim, INA notified the OPSB of its reservation of rights to pursue indemnification as the subrogee of Coach Walker. As stated in
 
 Haley,
 
 the school board’s legal obligation to indemnify the teacher fully against a judgment is mandatory, not conditioned upon the absence of personal malpractice coverage.
 
 Haley, supra.
 
 Additionally, La. C.C. art. 2642 states that “[a]ll rights may be assigned, with the exception of those pertaining to obligations that are strictly personal.” A strict reading of the statute does not specify that the School Board’s obligation to indemnify is strictly personal.
 

 The distinguishing factor in this case is that the judgment from which INA is seeking indemnification is a consent judgment. Thus, the merits of the case have not been adjudicated. Although a consent judgment binds the parties as fully as other judgments
 
 [1]
 
 the OPSB has argued that a consent judgment is not a “judgment” in the context of 17:416.4, because a consent judgment is not an adjudication of the case establishing liability. The OPSB contends that the settlement was unreasonable and it was denied its due process rights by not being | fimade a part of the settlement negotiations. In effect, settlements of this nature give rise to collusion and fraud.
 

 Morris v. Schlumberger,
 
 445 So.2d 1242 (La.App. 3 Cir. 2/1/84) addressed the issue of due process and reasonableness of settlements entered into by indemnitee’s without the consent of the indemnitor. The
 
 Morris
 
 opinion provided the following discussion on the equitable principles of indemnity:
 

 Under equitable principles of indemnity, in order for a settling indemnitee to support his indemnity claim he must prove actual liability to the original plaintiff and that the amount paid in settlement was reasonable. To avoid having to prove actual liability, the in-demnitee should offer the indemnitor before any settlement is concluded the choice of (1) approving the settlement or (2) taking over the indemnitee’s defense. If the indemnitor refuses to take either course, then the indemnitee will only be required to show potential liability to the
 
 *282
 
 original plaintiff to support his claim for indemnity. There is no rigid requirement that the indemnitee offer the above precise choice to the indemnitor.
 
 The primary concern is fairness to the indemnitor. If it can
 
 be shown that the indemnitor was afforded substantially the same protection that the above choice affords, then the indemnitee will have to show only potential liability. A formal tender of defense is not required, rather only an opportunity to defend is necessary, (citations omitted) (emphasis added).
 

 Id.
 
 at 1246.
 

 As previously discussed, the OPSB, the indemnitor, relinquished its obligation to defend Coach Walker and was thereafter placed on notice of INA, the indemnitee’s intent to seek indemnification. There is nothing in the record to establish that in the course of INA’s representation of Coach Walker the OPSB was deprived of any rights or unfairly regarded as the indemnitor.
 

 Once Coach Walker’s defense was surrendered to INA, it had the duty to act in his best interest. In the course of litigation, settlement is often found to be in the best interest of a defendant. According to Moms, INA only had to show potential | pliability on the part of Coach Walker to establish that the settlement was reasonable.
 
 Id.
 
 This case was filed in 1990, the consent judgment relating to the settlement on behalf of Coach Walker was rendered in 1997 and as of late 2008, a trial on the merits had not been conducted. As a member of the Kennedy High School football team, Mr. Edwards was under the direction of Coach Walker at the time of his injuries. Considering the magnitude of Mr. Edwards’ damages, litigation costs and judicial interest on a potential judgment against Coach Walker this Court cannot find that the $550,000.00 settlement was unreasonable.
 

 In light of the president set by
 
 Declouet,
 
 and the absence of any evidence to suggest that the consent judgment was unreasonable or the result of collusion or fraud we must find that the trial court correctly granted the motion for summary judgment in favor of INA.
 

 AFFIRMED
 

 [1]
 

 . Black's Law Dictionary 858 (8th ed. 2004).