J2GONZALES, Judge.
This appeal arises from a judgment rendered after a hearing at which the trial court dismissed appellant, Ernest A. Burford’s motion to stay service of an income assignment order and awarded attorney’s fees to appel-lee, Shawna Burford.
FACTUAL AND PROCEDURAL BACKGROUND
Ernest and Shawna Burford were married in 1981. One child was born of their marriage. Appellee filed a petition for separation in 1990. The consent judgment of separation provided for joint custody of the minor child and contained a provision for. monthly child support payments to be made by appellant in the amount of $315.00. These aspects of the separation judgment were subsequently incorporated into the divorce judgment. Subsequent to the separation proceeding, appellant moved to Dallas where he currently resides.
During some of the visitation periods, the minor child resided with appellant in Dallas, Texas. Appellant acknowledges that he did not pay child support during these periods, but contends that this non-payment was with the consent of Leo Hamilton, appellee’s former divorce counsel.
Based on appellant’s failure to pay child support for these periods of time, appellee sought the issuance of an income assignment order pursuant to La.R.S. 46:236.3(A)(3) and (B). In accordance with this statute, appel-lee filed a notice of delinquency on March 15, 1994, and had appellant served with the notice and a form “Motion for Stay Order and Hearing.” The income assignment order was signed on March 18, 1994. Appellant filed the motion for stay order and hearing on March 22, 1994. On March 28, 1994, the trial court signed an Order staying service of the income assignment order until after a hearing was held to determine the existence and amount of any delinquency.
The hearing was set for April 26, 1994; however, appellant did not appear at the hearing. Instead, appellant sent an attorney, Michelle Baptiste, to the hearing tojjfile an *724 ex parte Motion to Dismiss Rule for Income Assignment Order. An affidavit by Joanne Henig, appellant’s former divorce counsel and a letter[1] from Ms. Henig to Mr. Hamilton were attached as exhibits to the ex parte motion. While Ms. Baptiste offered the ex parte motion to the judge for his consideration, she did not introduce any evidence in support of the motion to stay that was pending before the court. Because there was no evidence submitted in support of the pending motion to stay, the trial court dismissed the motion to stay and awarded attorney’s fees to appellee in accordance with La.R.S. 46:236.3(D).
Additionally, the trial court denied appellant’s ex parte motion to dismiss, noting that appellant was free to file a contradictory motion to dismiss. Subsequently, appellant filed a petition for appeal and sought an order to stay the income assignment order. The trial court granted a devolutive appeal and denied the stay order request.
Appellant assigns as error the trial court’s award of the income assignment order and attorney’s fees.
INCOME ASSIGNMENT ORDER
Specifically, in his first two assignments of error, appellant contends that the trial court erred by not considering “all evidence that was part of the record” and in “awarding an income assignment for child support payments that had been suspended by agreement of the parties.” These contentions are without merit.
Louisiana Revised Statutes 46:236.3(A)(3) specifically authorizes the ex parte grant of an income assignment order. Subsection (B)(4)(a) of the statute also provides a specific procedural mechanism to contest the grant of the order. This vehicle is a motion for stay order 'and hearing at which the contesting party can present evidence to dispute the existence or amount of the delinquency. La. R.S. 46:236.3(B)(4)(b). Appellant initially chose to contest the existence of the pdelinquency through the stay order procedure. Accordingly, an evidentiary hearing was scheduled.
At the evidentiary hearing held on his motion, appellant failed to prove his case. Specifically, appellant did not offer any evidence in support of his hearing on the motion for a stay that was pending before the court on April 26, 1994. Instead, at the stay order hearing, appellant chose to utilize a different procedural vehicle to contest the income assignment order, a motion to dismiss. However, he made this choice to his detriment when he failed to put any evidence on to support his motion to stay. While a motion to dismiss may be an additional viable means of contesting an income assignment order, it cannot be used as evidence to support the motion for stay order.
Additionally, neither party has cited, nor are we aware of any statute or jurisprudential authority which authorizes an ex parte dismissal of an income assignment order. Thus, the dismissal sought by appellant could not be obtained through an ex parte motion because it was not relief to which the mover was clearly entitled. La.C.C.P. art. 963; Halley v. Guerriero, 577 So.2d 781, 783 (La.App.2d Cir.1991). Accordingly, as this motion required supporting proof, it had to be served on and tried contradictorily with appellee. Halley, 577 So.2d at 783; Conner v. Conner, 481 So.2d 639, 641 (La.App. 1st Cir.1985).
Consequently, we find that the trial court properly dismissed appellant’s motion to stay and ordered service of the income assignment order as there was no evidence offered by appellant in support of his motion to stay.
ATTORNEY’S FEES AWARD
Appellant contests both the propriety and reasonableness of the award of attorney’s fees to appellee.
Regarding the propriety of the award, appellant admits that an award of attorney’s fees is supported by La.R.S. *725 46:236.3(D). However, he contends that the award was not proper because appellee’s new counsel, Marsha Wade, never filed ajjmotion to substitute counsel, which is required by rule 20, section 4 of the Local Rules for the Family Court of East Baton Rouge Parish.[2] We reject this argument. The attorney fee provision in 46:236.3(D) is not conditioned upon the representation of the prevailing party by counsel who has enrolled as counsel of record. Thus, the attorney fee award was proper.
We also are not persuaded by appellant’s contention that the award of attorney’s fees was excessive because there was no evidence to establish the reasonableness of the $500.00 attorney fee award. A trial judge has great discretion in arriving at an award of attorney’s fees. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983); Montet v. Lyles, 93-1724 (La.App. 1st Cir. 6/24/94); 638 So.2d 727, 731, writ denied, 94-1985 (La.11/18/94); 646 So.2d 377. The exercise of this discretion will not be reversed on appeal without a showing of clear abuse of discretion. Montet, 638 So.2d at 731. There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney’s fees since the record will reflect much of the services rendered. New v. New, 93-702 (La.App. 5th Cir. 1/25/94); 631 So.2d 1183, 1188, writ denied, 94-0470 (La.4/4/94); 635 So.2d 1113; In the Matter of Andras, 410 So.2d 328, 331 (La.App. 4th Cir.1982).
In the present case, the record reflects that Ms. Wade at a minimum, appeared at the stay order hearing and prepared a Judgment on appellant’s stay order motion. It is not clear whether Ms. Wade or appellee filled out the notice of delinquency and supporting affidavit. However, in appellee’s brief, counsel asserts that Ms. Wade was retained by appellee in the present matter in July of 1993 and made numerous efforts to collect the unpaid child support before proceeding with the income 16assignment order. Regardless of Ms. Wade’s pre-hearing involvement with respect to the income assignment order, we cannot say that a $500.00 attorney’s fee award under these circumstances constitutes an abuse of the trial court’s great discretion.
DECREE
For the reasons set forth in this opinion, the judgment of the trial court is AFFIRMED. Appellant is assessed with the costs of this appeal.

. The letter outlined an agreement to suspend child support payments when the minor child was in the physical custody of appellant. However, the letter contained a signature line for Mr. Hamilton which was not executed.

. Appellant asserts that the failure to file the motion to substitute was prejudicial to his case because it prevented him from examining Mr. Hamilton at the stay order hearing about the existence of the agreement to suspend child support payments. Specifically, appellant argues that he would have subpoenaed or obtained an affidavit from Mr. Hamilton had he known Mr. Hamilton was no longer representing his ex-wife. However, we note that appellant did not attend his hearing, thus, he would not have been able to question Mr. Hamilton if the motion to substitute counsel had been filed.