951 So.2d 228 (2006)
Wilson NAQUIN and Gladys Naquin, Individually, and Wilson Naquin as Administrator of the Estate of His Minor Children, Wilson Naquin, Jr., Peter Naquin and Chad Naquin
v.
LOUISIANA POWER & LIGHT COMPANY.
No. 2005 CA 2104.
Court of Appeal of Louisiana, First Circuit.
November 17, 2006.
*230 Charlton B. Ogden, III, John J. Zvonek, New Orleans, for Cross-Claim Defendant/Appellant, Entergy Louisiana, L.L.C., f/k/a Entergy Louisiana, Inc., f/k/a Louisiana Power & Light Company.
Robert T. Lorio, Covington, for Cross-Claim Plaintiff/Appellee, The Louisiana Land & Exploration Company.
Before: CARTER, C.J., KUHN, DOWNING, McDONALD, and WELCH, JJ.
CARTER, C.J.
This is an appeal of a judgment awarding damages, costs and attorney fees pursuant to an indemnity contract, rendered in favor of cross-claim plaintiff/appellee, The Louisiana Land & Exploration Company (hereafter referred to as "LL & E") and against cross-claim defendant/appellant, Entergy Louisiana, L.L.C., formerly known as Entergy Louisiana Inc. and formerly known as Louisiana Power & Light Company (hereafter referred to as "Entergy"). This appeal marks the fourth time we have considered issues related to this litigation, which now spans thirteen years. We refer to our previous opinions for the factual and procedural background.[1]
After a trial on the merits of the liability issue, the trial court concluded that Entergy owed indemnification to LL & E pursuant to the terms and conditions of a 1973 Right-of-Way Permit Agreement (hereafter referred to as the "Agreement"). We affirmed the trial court's findings and conclusion in a related appeal, Naquin v. Louisiana Power & Light Co., 05-2103 (La. App. 1 Cir. 9/15/06), 943 So.2d 1156, which was released simultaneously with this opinion.
The instant appeal involves a separate trial court judgment signed on May 6, 2005, awarding damages, costs and attorney fees to LL & E in the amount of $183,064.27, pursuant to the Agreement, which contained an indemnity clause. Entergy appeals, arguing that the amount awarded is unreasonably high, unsubstantiated by the evidence, and beyond the provisions of the Agreement. LL & E answered the appeal, requesting an additional amount for costs and attorney fees incurred in connection with this appeal and seeking post-judgment interest on the trial court award. For the following reasons, we affirm the trial court judgment, as amended.

THE AGREEMENT
In 1973, Entergy and LL & E entered into an Agreement wherein Entergy was granted a right-of-way to construct, operate and maintain an electric distribution line upon, over and across LL & E property. The right-of-way was subject to certain conditions and limitations, one of which was an indemnity clause that provided as follows:
[Entergy], its successors and assigns, hereby assume the full liability and responsibility of all risks and hazards and shall be solely and directly responsible and liable for all personal injury and/or loss of life and/or damage or destruction of the property of third persons, as well as all servants and employees of [LL & E] and/or [Entergy], caused by the construction, existence, operation and maintenance of said distribution line, and shall hold [LL & E] *231 free and harmless with respect to any and all claims for loss, death, destruction or damage arising from the construction, existence, operation and maintenance of said distribution line, including a reasonable attorney fee; provided, however, that [Entergy] does not agree to hold [LL & E] harmless from any liability contributed to or caused by any act of negligence of [LL & E]. (Emphasis added.)
Focusing on the broad language in the indemnity clause, the trial court awarded $183,064.27 in damages, costs and attorney fees for LL & E's expenses related to defending the underlying tort claim and establishing the right to indemnification. At the hearing on the motion to set the judgment amount, the trial court orally ruled:
After considering everything, it just seems to the Court that to be made whole, to be indemnified, means . . . what it says. Free and hold harmless . . . means . . . we shouldn't have had to pay, we shouldn't have even been here, so whatsoever expenses and costs we incurred should be wiped out. It is broad. . . . [T]he Court finds that this language does include the right for LL & E to have their attorney's fees paid, and costs. . . . The Court finds that it is almost impossible to incur attorney's fees without incurring court costs, or costs incurred in litigation. . . . So the Court interprets that to include costs.
The trial court also stated:
It is a broad contract. . . . But the way I read it, given the whole picture, given what I know about this case, and given the fact that this was written so many years ago, the way I read it is that it included everything, and it seems to me it was the intention of the parties for LL & E in this instance to be made whole, and to be made whole means . . . what it means, to be made whole, to walk out of here without having to pay one penny out of its pocket ultimately.
On appeal, Entergy strongly urges that the indemnity clause did not cover any amount related to establishing the right to indemnification or any amount of costs incurred in either the underlying tort claim or the indemnity claim.

LAW AND ANALYSIS
Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. Nassif v. Sunrise Homes, Inc., 98-3193 (La.6/29/99), 739 So.2d 183, 185; Richey v. Moore, 36,785 (La.App. 2 Cir. 3/7/03), 840 So.2d 1265, 1270, writ denied, 03-0987 (La.5/30/03), 845 So.2d 1054. The general rules governing the interpretation of contracts apply in construing a contract of indemnity. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982, 985 (La. 1986); Dean v. Griffin Crane & Steel, Inc., 05-1226 (La.App. 1 Cir. 5/5/06), 935 So.2d 186, 191.
Interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art.2046. Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. LSA-C.C. art. 2051. When the parties intend a contract of general scope but, to eliminate doubt, include a provision that describes a specific situation, interpretation must not restrict the scope of the contract to that situation alone. LSA-C.C. art.2052. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, *232 the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. LSA-C.C. art.2053. When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose. LSA-C.C. art.2054. Equity is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another. LSA-C.C. art.2055.
Applying these interpretive rules to the contract in the instant case, we conclude that the parties intended to provide for indemnity against damages, costs and attorney fees in the underlying tort claim as well as the indemnity claim.[2] The words of the indemnity clause are not explicit, rather they are general and broad, so further interpretation may be made in search of the parties' common intent. When this clause is considered and interpreted in light of the Agreement as a whole, it is evident that the parties intended that Entergy be fully responsible for all damages, costs and attorney fees with respect to any and all claims arising from the existence and operation of the electric distribution line.[3]
Furthermore, the reasonableness of attorney fees is within the great discretion of the trial court. Burford v. Burford, 95-2318 (La.App. 1 Cir. 6/28/96), 677 So.2d 722, 725. There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged since the record will reflect much of the services rendered. Id. The trial court is also allowed to call upon its own experience and expertise in the valuation of legal services rendered by an attorney. Louque v. Jack Eckerd Drug Store No. 523, 405 So.2d 1097, 1099 (La.App. 4 Cir.1980). Based upon the facts of this case, the evidence submitted, and the voluminous record covering a thirteen-year period, we find that the trial court did not err in its award of attorney fees. The trial court saw the development and evolution of this case as a whole. The trial court was in the best position to observe and evaluate the attorneys' work. Roccaforte v. Nintendo of America, Inc., 05-239 (La.App. 5 Cir. 11/29/05), 917 So.2d 1143, 1148-1149. After thoroughly reviewing the record, we are unable to say the award of attorney fees was an abuse of discretion. The law in Louisiana is well-settled that attorney fees in indemnity contracts are recoverable when specifically provided for by the contract, as they are in this case for both the underlying tort claim and the indemnity claim. See Richey v. Moore, 840 So.2d at 1268; Burns v. McDermott, Inc., 95-0195 (La.App. 1 Cir. 11/9/95), 665 So.2d 76, 79; Wuertz v. Tobias, 512 So.2d 1209, 1212 (La.App. 5 Cir.1987).
We also find no abuse of the trial court's broad discretion in awarding costs to LL & E. We agree that costs are inherent *233 in the defense of or pursuit of any and all claims, tort or indemnity. We also note that the trial court may render judgment for costs against any party as it may consider equitable. LSA-C.C.P. art.1920; Barham & Arceneaux v. Kozak, 02-2325 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, 246, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87; Thibodeaux v. USAA Cas. Ins. Co., 93-2238 (La.App. 1 Cir. 11/10/94), 647 So.2d 351, 362.
On appeal, LL & E seeks an additional award for attorney fees and costs associated with defending this appeal. An increase in attorney fees may be awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. Curtis v. Curtis, 28,698 (La.App. 2 Cir. 9/25/96), 680 So.2d 1327, 1333. We find that a reasonable attorney fee award for this appeal is $2,500.00, in light of the effort put forth by LL & E's counsel as evidenced by the record.[4] We also find merit to LL & E's request that the trial court judgment be amended to reflect post-judgment interest on the amount awarded. See Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd., 554 So.2d 1347, 1355 (La.App. 1 Cir.1989); Carroll v. International Paper Co., 94-302 (La.App. 3 Cir. 11/2/94), 649 So.2d 474, 479, writ denied, 94-2924 (La.2/17/95), 650 So.2d 259. Therefore, we amend the May 6, 2005 trial court judgment to include post-judgment legal interest on the total amount awarded.

CONCLUSION
For the stated reasons, we amend the trial court judgment to order post-judgment legal interest on the total award, and as amended, we affirm the trial court judgment awarding $183,064.27 to LL & E for damages, costs and attorney fees pursuant to the Agreement. We make an additional attorney fees award to LL & E in the amount of $2,500.00 for successfully defending this appeal. Legal interest on this additional $2,500.00 fee is awarded from the date of this decision. Guitreau v. State Farm Mut. Auto. Ins. Co., 540 So.2d 1097, 1102 (La.App. 1 Cir.1989). Costs in this court and in the court below are assessed to the appellant, Entergy.
AFFIRMED AS AMENDED AND RENDERED.
KUHN, J., concurs and will assign errors.
WELCH, J., concurs and dissents with reasons.
McDONALD, J., concurs for the reasons assigned by J. WELCH and dissents for the same reasons.
KUHN, J.
I concur with the majority to amplify what is obvious but unspoken in these proceedings. The appellant contends the attorney fee awarded is "unreasonable" in amount, yet in argument and indirectly in brief concedes that most of the award is justified under the indemnity clause. Essentially, appellant asserts that the award for (1) refund of costs and (2) attorney fees for enforcing the indemnity agreement against it is not provided for in the contract. The brief filed in this court, and the memorandum and argument made before the trial court, demonstrate how illogical this argument is. Followed to its conclusion, the appellant's position is (1) we will reimburse your attorney fees for defending us but will not reimburse your litigation costs and (2) we will reimburse you *234 those attorney fees only after we compel you to sue us and incur additional attorney fees to collect what we owe.
Appellant's primary position on the indemnity agreement is that it is ambiguous or that it does not clearly compel payment of the disputed amounts. The broad language utilized in the contract is unambiguous and does not expressly limit the applicability on the indemnity provision to third-party claims as in Morris v. Schlumberger, Ltd., 445 So.2d 1242 (3d Cir.1984), writ denied 449 So.2d 1345. That the contract did not include limiting language does not create an ambiguity as appellant seems to contend.
WELCH, J., Concurring in Part and Dissenting in Part.
While I agree with the majority that LL & E was entitled to damages, costs, and attorney fees related to defending the underlying tort claim, I disagree with the majority's conclusion that LL & E was entitled to attorney fees in establishing the right to indemnification from Entergy.
As a general rule, attorney fees are not allowed except where authorized by statute or contract. Nassif v. Sunrise Homes, Inc. 98-3193 (La.6/29/99), 739 So.2d 183, 185. Furthermore, the general law of indemnity provides that, although an indemnittee may recover costs and expenses incurred in the defense of a claim against the principal from its indemnitors, the indemnittee may not recover those costs and expenses incurred in establishing its right to indemnification from the indemnitors. State v. Laconco, Inc., 430 So.2d 1376, 1385 (La.App. 1st Cir.1983). However, attorney fees incurred in establishing the right to indemnity may be recovered when clearly and specifically provided for by contract. Wuertz v. Tobias, 512 So.2d 1209, 1212 (La.App. 5th Cir.1987).
Accordingly, in this case, the attorney fees incurred by LL & E in establishing the right to indemnification were not recoverable unless the language of the indemnity clause in the agreement clearly and specifically provided for such recovery. See Wuertz, 512 So.2d at 1212. The indemnity clause in the agreement between LL & E and Entergy provided that Entergy would hold LL & E free and harmless with respect to "any and all claims for loss, death, destruction, or damage arising from the . . . existence, operation, and maintenance of said distribution line, including a reasonable attorney fee. . . ." As succinctly noted by the majority opinion, "[t]he words of the indemnity clause are not explicit, rather they are general and broad." As such, I believe that the indemnity clause contained in the agreement fails to specifically provide for the recovery of attorney fees incurred in establishing the right to indemnification, and that the trial court improperly awarded attorney fees to LL & E in enforcing the right to indemnity. Thus, I would reverse the judgment of the trial court in this regard and further, I would deny the request for attorney fees incurred in prosecuting this appeal.
In all other respects, I concur with the majority opinion.
NOTES
[1] Naquin v. Louisiana Power & Light Co., 05-2103 (La.App. 1 Cir. 9/15/06), 943 So.2d 1156; Naquin v. Louisiana Power & Light Co., 98-2270 (La.App. 1 Cir. 3/31/00), 768 So.2d 605, writ denied, 00-1741 (La.9/15/00), 769 So.2d 546; Naquin v. Louisiana Power & Light Co., 03-0220 (La.App. 1 Cir. 11/7/03), 857 So.2d 36 (unpublished).
[2] We have considered the jurisprudence cited by Entergy and find those cases distinguishable and not dispositive of the issues in this case because they either do not involve contractual indemnity factual scenarios or the indemnity language is specifically limited to the right to indemnification for the underlying claim only. Cf State v. Laconco, Inc., 430 So.2d 1376, 1384-1385 (La.App. 1 Cir.1983). There is no limiting language in the indemnity clause in the case sub judice.
[3] The liability findings of the trial court have been affirmed in the related appeal, Naquin v. Louisiana Power & Light Co., 05-2103 (La. App. 1 Cir. 9/15/06), 943 So.2d 1156, and cannot now be disturbed.
[4] An appellate court shall render any judgment that is just, legal, and proper upon the record on appeal, and may tax the costs of the lower or appellate court against any party to the suit, as in its judgment may be considered equitable. LSA-C.C.P. art. 2164.