NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1329

STEVENS CONSTRUCTION & DESIGN, LLC

VERSUS

CANDICE RODGERS HILLMAN

DATE OF JUDGMENT:        JUN 1 2 2020

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 2017-14267, DIVISION F, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE MARTIN E. COADY, JUDGE

* * * * * *

Charles K. Chauvin                    Counsel for Plaintiff-Appellee
Jane Williams Chauvin                 Stevens Construction & Design, LLC
Destrehan, Louisiana

J. Andrew Murrell                     Counsel for Defendant-Appellant
Baton Rouge, Louisiana                Candice Rodgers Hillman

* * * * * *

BEFORE:  McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: **AFFIRMED AND RENDERED.**

**CHUTZ, J.**

Defendant, Candice R. Hillman, appeals a summary judgment in favor of plaintiff, Stevens Construction & Design, LLC (SC&D), for the balance due under a construction contract. SC&D answered the appeal. For the following reasons, we affirm and render judgment on the answer to the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Hillman is an attorney. In March 2017, after negotiating the terms thereof, she signed a construction contract for the repair and renovation of her home in Ascension Parish, which had been damaged by a flood in August 2016. The contract price was $47,800. Ms. Hillman made an initial payment to SC&D in the amount of $8,500, and SC&D began work on her house. On August 14, 2017, SC&D presented Ms. Hillman with an application for payment in the amount of $36,420 for work it had completed.

On August 17, 2017, approximately one week before Ms. Hillman was to move in, she and Adam Stevens, member/manager of SC&D, conducted a walk-through of the house to review the work and establish a punch-list. A dispute arose between Ms. Hillman and Mr. Stevens over whether a necessary permit had been acquired and whether a change order was necessary for replacement of a certain section of tile. During the dispute, Ms. Hillman accused SC&D of being in breach of contract. She refused to make any payment on the amount SC&D claimed was due.

By letter dated August 29, 2017, Ms. Hillman's attorney, Andrew Murrell, gave SC&D notice of the "termination of the contract." In the letter, Mr. Murrell asserted SC&D was in default of the contract because necessary permits were not obtained and there were numerous defects in the work performed that SC&D failed to cure despite written notice from Ms. Hillman. In conclusion, Mr. Murrell stated Ms. Hillman would "remit the amount owed to you for the value of the work you

2

actually performed minus the cost of repairing the defective work and the cost of completing the project," once the additional cost of the repairs and completion of the work was determined.

On September 14, 2017, SC&D filed suit against Ms. Hillman for breach of contract seeking to recover $40,175, the alleged balance due under the contract. On August 16, 2018, approximately eleven months later, SC&D filed a motion for summary judgment. The motion hearing was originally scheduled for October 30, 2018, but was twice continued. The hearing was finally held on March 20, 2019. After taking the matter under advisement, the district court signed a judgment on April 16, 2019, granting summary judgment in favor of SC&D in the amount of $40,175, plus eighteen percent interest, costs, and $2,500 in attorney fees, all as provided in the contract.[1] Ms. Hillman has now appealed.

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. *Riedel v. Fenasci*, 18-0540 (La. App. 1st Cir. 12/28/18), 270 So.3d 583, 590.

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will bear the burden of proof at trial, he must support his motion with credible

---

[1] The contract grants the contractor the right to recover costs and attorney fees incurred in collecting delinquent approved payments.

3

evidence that would entitle him to a directed verdict if not controverted at trial. Such an affirmative showing then shifts the burden of production to the party opposing the motion. An adverse party may not rest upon the mere allegations or denials of his pleadings, but must produce evidentiary materials demonstrating the existence of a genuine issue for trial or submit an affidavit requesting additional time for discovery. La. C.C.P. art. 967(B); *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So.2d 764, 766-67 (*per curiam*); *Alpha Capital US Bank v. White*, 18-0827 (La. App. 1st Cir. 12/21/18), 268 So.3d 1124, 1128, writ denied, 19-0135 (La. 3/18/19), 267 So.3d 89.

## DISCUSSION

Ms. Hillman argues the district court improperly granted summary judgment because she did not have an adequate opportunity for discovery and because genuine issues of material fact existed. Specifically, Ms. Hillman alleges there are factual issues concerning the validity of the contract, the scope of the work to be performed, the quality of SC&D's work, and whether SC&D obtained all the required permits. Ms. Hillman also contends the district court erred in ruling she did not give notice of the defective work within forty-eight hours of receiving SC&D's August 2017 pay application. She maintains she had already provided written notice to SC&D of its defective work weeks prior to receiving the pay application.

In support of its motion for summary judgment, SC&D submitted, among other evidence, the affidavit of its member/manager, Mr. Stevens, a copy of the construction contract signed by Ms. Hillman, and a copy of Ms. Hillman's initial payment check in the amount of $8,500. SC&D also presented a copy of the August 14, 2017 pay application submitted to Ms. Hillman in the amount of $36,420. The construction contract provides that, within forty-eight hours of receipt of a pay application, the homeowner shall provide the contractor with written notice setting forth a detailed explanation for withholding any portion of the pay application. If

4

such written notice is not given within forty-eight hours, "the application for payment shall be considered approved by the Owner pursuant to which timely payment must be made[.]" According to Mr. Stevens' affidavit, Ms. Hillman failed to provide timely written notice disputing the August 14, 2017 pay application. Nor did she make any further payments under the contract.

The August 14, 2017 pay application indicated the contracted work was 93.29% complete. However, as of the date of Mr. Stevens' August 10, 2019 affidavit, he stated that with the exception of three special-order interior doors yet to be delivered, SC&D had completed all remaining work under the contract. Additionally, Mr. Stevens stated that both a retroactive residential building permit and a plumbing permit were issued for Ms. Hillman house by the Ascension Parish Permit Office on August 28, 2017, one day prior to the date of Ms. Hillman's termination letter. Evidence of the issuance of those permits was attached to Mr. Stevens' affidavit. Finally, based on his inspection of the property in June 2018, Mr. Stevens stated that Ms. Hillman had moved back into her house.

In further support of its motion for summary judgment, SC&D also presented Ms. Hillman's answers to interrogatories. In those answers, Ms. Hillman made numerous allegations of defective work by SC&D. Nevertheless, she admitted she had no restorative work done to correct any of the alleged defects. She claimed no repairs had been made because she had only recently had a baby following a high-risk pregnancy.

In opposition to the motion for summary judgment, Ms. Hillman attached to her memorandum two affidavits, from herself and her husband, and several documents, including emails between herself and Mr. Stevens. SC&D objected to all of Ms. Hillman's attachments in its reply memorandum. The district court sustained the objection and excluded all attachments to Ms. Hillman's opposition memorandum.

5

We find no error in the district court's ruling. Although Ms. Hillman and her husband signed their affidavits, the affidavits were not notarized. An unnotarized affidavit is not competent summary judgment evidence under La. C.C.P. arts. 966 and 967. See *Blagg v. Blanch*, 94-831 (La. App. 3d Cir. 2/1/95), 649 So.2d 1166, 1168. Moreover, the other exhibits at issue were merely attached to Ms. Hillman's opposition memorandum. The exhibits were not attached to the affidavits or authenticated or certified in any manner. Articles 966 and 967 do not permit a party to use unsworn and unverified documents as summary judgment evidence. Merely attaching such documents to an opposition memorandum does not transform them into competent summary judgment evidence. A document that is not a notarized affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. See *Board of Ethics Matter of Monsour*, 16-1159 (La. App. 1st Cir. 6/21/17) 233 So.3d 625, 631, affirmed, 17-1274 (La. 5/1/18), 249 So.3d 808; *Bunge North America, Inc. v. Board of Commerce & Industry & Louisiana Department of Economic Development*, 07-1746 (La. App. 1st Cir. 5/2/08), 991 So.2d 511, 527, writ denied, 08-1594 (La. 11/21/08), 996 So.2d 1106. Accordingly, the district court did not err in excluding Ms. Hillman's exhibits. In conducting our *de novo* review of this summary judgment, this court will not consider the excluded evidence.

*Genuine Issues of Material Fact:*

Ms. Hillman argues SC&D did not meet its burden of proof because there was a genuine issue of material fact as to the existence of a valid, properly executed written contract. Although Ms. Hillman signed the contract, she correctly points out that no one signed the construction contract on behalf of SC&D.

Louisiana Civil Code article 1837 provides that an act under private signature must be signed by the parties. Nevertheless, a jurisprudential exception to this statutory requirement exists when only one party has signed an agreement and the

6

other party has availed himself of the agreement or taken actions evidencing his acceptance thereof. See La. C.C. art. 1837 – 1984 Revision Comment (b); *Cerami v. Haas*, 195 La. 1048, 197 So. 752, 753-54 (1940); *Pennington Construction, Inc. v. R A Eagle Corporation*, 94-0575 (La. App. 1st Cir. 3/3/95), 652 So.2d 637, 639 n.2; *Cecil Blount Farms, L.L.C. v. MAP00-NET*, 47,246 (La. App. 2d Cir. 7/25/12), 104 So.3d 1, 4-6, writ denied, 12-2263 (La. 1/11/13), 107 So.3d 614; *Zeller v. Webre*, 09-45 (La. App. 5th Cir. 5/26/09), 17 So.3d 55, 60-61). In this case, SC&D clearly took actions indicating its acceptance of the construction contract. SC&D not only accepted the initial $8,500 payment from Ms. Hillman, but it also began work on her house and continued that work over the course of several months. Accordingly, a valid, written contract existed.

We also find no merit in Ms. Hillman's contention that the construction contract was invalid because the parties failed to reach a meeting of the minds. Specifically, she maintains no meeting of the minds occurred regarding the scope of work to be performed because the attachment to the contract setting forth the scope of work did not conform to the actual work to be done on her house. Thus, she argues a genuine issue of material fact exists as to the scope of work the parties agreed upon.

We disagree. Ms. Hillman presented no competent evidence showing there was a discrepancy between the scope of work the parties agreed to and the scope of work set forth in the attachment to the construction contract. Similarly, we find no merit in Ms. Hillman's contention that a genuine issue of material fact existed regarding SC&D's failure to submit an unconditional waiver and lien release together with the pay application. Ms. Hillman contends she was entitled to the unconditional waiver and lien release from SC&D prior to payment. In fact, the construction contract only requires the contractor to provide an unconditional waiver and lien release upon final payment.

7

Ms. Hillman further contends there are genuine issues of material fact regarding whether SC&D performed defective work and failed to obtain necessary permits, and whether the work to be performed under the construction contract was substantially completed. She contends the district court erred in concluding she did not provide written notice of defective work within forty-eight hours of the August 2017 pay application when she had already provided written and oral notice to SC&D of defective work weeks prior to receiving the pay application.

In support of its motion for summary judgment, SC&D provided evidence showing it had completed all work under the construction contract, with the exception of installing three interior doors that had not been delivered, and it had obtained necessary permits for the work done, albeit retroactively. Additionally, SC&D provided evidence that Ms. Hillman did not provide written notice within forty-eight hours disputing any of the charges in the August 14, 2017 pay application. Under the terms of the construction contract, the pay application was deemed to be approved upon Ms. Hillman's failure to provide such written notice within forty-eight hours.

Despite Ms. Hillman's arguments, the record contains no competent evidence controverting the showing made by SC&D or raising genuine issues of fact regarding any of the matters Ms. Hillman raises, including the quality of SC&D's work. When a mover for summary judgment has presented evidence establishing his claim, mere arguments by the opposing party are insufficient to create a genuine issue of material fact. See *Rapp v. City of New Orleans*, 95-1638 (La. App. 4th Cir. 9/18/96), 681 So.2d 433, 437 & 445, writ denied, 96-2925 (La. 1/24/97), 686 So.2d 868.

*Adequate Opportunity for Discovery:*

Ms. Hillman asserts summary judgment was inappropriate in this case because additional time was needed for discovery. Louisiana Code of Civil Procedure article 966(A)(3) provides there should be an opportunity for adequate discovery before

8

summary judgment is granted. However, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. Rather, all that is required is that the parties have a fair opportunity to carry out discovery and to present their claim. It is within the trial court's discretion either to render summary judgment or require further discovery. A trial court's decision in this regard should only be reversed upon a showing of an abuse of discretion. *McCastle-Getwood v. Professional Cleaning Control*, 14-0993 (La. App. 1st Cir. 1/29/15), 170 So.3d 218, 223.

In this case, Ms. Hillman contends SC&D "finally" responded to her discovery requests on August 22, 2018, approximately ten days after SC&D filed its motion for summary judgment. She contends those responses necessitated additional discovery. Ms. Hillman alleges SC&D did not provide her with available deposition dates until January 4, 2019, with Mr. Stevens not being deposed until February 27, 2019. According to Ms. Hillman, the deposition transcript was not yet available when the motion for summary judgment was heard on March 20. She argues more time was needed for additional discovery to determine what work SC&D completed and/or whether the work was defective.

We note that while Ms. Hillman implies in brief that SC&D was dilatory in responding to her discovery requests, she does not state the date on which her discovery requests were submitted to SC&D. Significantly, the record contains no indication Ms. Hillman filed a motion to compel in connection with her discovery requests.[2] Moreover, SC&D's motion for summary judgment was not filed until eleven months after suit was filed in September 2017, and an additional seven months passed before the motion hearing was held in March 2019. Ms. Hillman has provided no cogent reason why the eighteen-month period between the filing of suit

---

[2] In contrast, the record indicates SC&D filed a motion to compel on March 20, 2018 with respect to discovery requests propounded to Ms. Hillman on January 15, 2018.

9

and the hearing on SC&D's motion for summary judgment was an inadequate opportunity for discovery. Finally, we observe, as did the district court, that Ms. Hillman did not seek a continuance to allow additional time for discovery. Thus, we find no merit in Ms. Hillman's assertion that she did not have an adequate opportunity for discovery. The district court did not abuse its discretion under the circumstances in rendering summary judgment without allowing additional time for discovery.

*Objection to Mr. Stevens' Affidavit:*

Pursuant to La. C.C.P. art. 966(D)(2), Ms. Hillman objected in her opposition memorandum to Paragraph 8 of Mr. Stevens' affidavit on the basis it contained inadmissible hearsay. On appeal, she argues the district court erred in denying her motion to strike that hearsay. Paragraph 8 of Mr. Stevens' affidavit states that when one of SC&D's employees went to the Ascension Parish Permit Office prior to SC&D commencing work on Ms. Hillman's home, the employee was advised no permit was necessary due to the backlog of homes being repaired as a result of the August 2016 flood.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. C.E. art. 801(C). Under La. C.C.P. art. 967(A), an affidavit offered in support of a motion for summary judgment shall be based on personal knowledge and set forth facts that would be admissible in evidence. See also La. C.E. art. 802. Accordingly, any hearsay statements in Mr. Stevens' affidavit must be disregarded. See *Thomas v. Comfort Center of Monroe, LA, Inc.*, 10-0494 (La. App. 1st Cir. 10/29/10), 48 So.3d 1228, 1236; *Cook v. American Gateway Bank*, 10-0295 (La. App. 1st Cir. 9/10/10), 49 So.3d 23, 35.

Regardless, it is irrelevant whether the district court erred in failing to strike Mr. Stevens' hearsay statement, because we have disregarded the statement in

10

conducting our *de novo* review. See ***Thomas***, 48 So.3d at 1236. In any event, the statement at issue only related to the purported reason SC&D did not obtain any permits initially, which was not a material issue of fact. For purposes of summary judgment, a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. See ***Hines v. Garrett***, 04-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*). In this case, the material issue regarding the required permits was whether the permits were ultimately obtained by SC&D. SC&D presented evidence that all required permits for Ms. Hillman's house were obtained in August 2017.

*Conclusion*:

Under Louisiana law, a building contractor is entitled to recover the contract price, even though defects and omissions are present, when he has substantially performed the building contract. However, where the owner presents evidence of the cost of completion of the work or correction of defective work, the contract price may be reduced by that amount. ***Mayeaux v. McInnis***, 00-1540 (La. App. 1st Cir. 9/28/01), 809 So.2d 310, 313, writ denied, 01-3286 (La. 3/8/02), 810 So.2d 1164. In this case, SC&D presented evidence that it performed the work provided in the construction contract. Although Ms. Hillman argued the work performed was incomplete and/or defective, she presented no competent evidence supporting her arguments. Therefore, we find there were no genuine issues of material fact precluding summary judgment. Based on our *de novo* review, we find the district court properly granted summary judgment in favor of SC&D.[3]

---

[3] In several additional assignments of error, Ms. Hillman raised issues that either lack merit and/or were not briefed and, therefore, are considered abandoned. See Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4). Specifically, she asserted the district court should not have granted summary judgment or a petition for garnishment without first ruling on her reconventional demand. She alleges it was error for the district court to do so because her reconventional demand would have totally offset the amount SC&D was awarded. However, the record before this court does not contain a reconventional demand. As the appellant, Ms. Hillman is charged with the responsibility of completeness of the record for appellate review. Thus, the inadequacy of the record is imputable to her. ***Brown v. Louisiana Department of Public Safety & Corrections***, 19-0853 (La. App. 1st Cir. 2/21/20), ____ So.3d ____, 2020 WL 859439, at *4. Further, the appealed judgment does not

11

**SC&D'S ANSWER TO APPEAL**

In its answer to this appeal, SC&D contends the district court's award for attorney fees was inadequate and seeks an increase from $2,500 to $15,000 (75 hours x $200 per hour). As support for the increase, SC&D points out, among other things, that this suit had been pending approximately a year and a half at the time of summary judgment; multiple exceptions were adjudicated; extensive discovery was conducted, including at least two depositions; and SC&D had to file a motion to compel due to Ms. Hillman's failure to respond to discovery requests. Alternatively, SC&D asks that this matter be remanded to the district court for a hearing on attorney fees, since the district court did not hold a separate hearing to fix attorney fees, and SC&D had no opportunity to submit billing invoices. SC&D also requests additional attorney fees for the work necessitated by this appeal.

The reasonableness of attorney fees is within the great discretion of the trial court. *Naquin v. Louisiana Power & Light Company*, 05-2104 (La. App. 1st Cir. 11/17/06), 951 So.2d 228, 232, writ denied, 06-2979 (La. 3/9/07), 949 So.2d 441. The factors to be taken into consideration in determining the reasonableness of

---

contain any ruling concerning a petition for garnishment. Any such ruling by the district court would be contained in a separate judgment rendered subsequent to the appealed judgment and cannot be considered herein.

Ms. Hillman also asserted in separate assignments of error that the district court erred: in failing to uphold the dispute resolution provision in the construction contract, which required the parties to mediate prior to filing suit; in failing to consider her affidavit since she is an officer of the court; and in weighing the credibility of Mr. Stevens' affidavit, despite internal conflict in the affidavit. Each of these assignments is deemed abandoned, since they were not briefed. See Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4). Regardless, they also lack merit. The construction contract specifically provides an exception to the mediation requirement when the contractor sues to collect "delinquent approved payments." Similarly, Ms. Hillman's claim that the district court should have considered her unnotarized affidavit because she is an attorney and officer of the court patently lacks merit. As an attorney, Ms. Hillman should be well aware that an unnotarized affidavit is not competent summary judgment evidence under La. C.C.P. arts. 966 and 967. See *Blagg*, 649 So.2d at 1168. Finally, our review reveals no internal conflicts within Mr. Stevens affidavit. Nor does the record indicate the district court improperly weighed the credibility of Mr. Stevens' affidavit, particularly since there was no conflicting evidence against which to weigh the affidavit. Regardless, in deciding a motion for summary judgment, the court must assume that all of the affiants are credible. See *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228, 234; *Pumphrey v. Harris*, 12-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 91.

attorney fees include: 1) the ultimate result obtained; 2) the responsibility incurred; 3) the importance of the litigation; 4) the amount of money involved; 5) the extent and character of the work performed, 6) the legal knowledge, attainment, and skill of the attorneys; 7) the number of appearances involved; 8) the intricacies of the facts involved; 9) the diligence and skill of counsel; and 10) the court's own knowledge. An award of attorney fees will not be disturbed on appeal absent an abuse of the district court's discretion. *Thomas v. A. Wilbert & Sons, LLC*, 15-0928 (La. App. 1st Cir. 2/10/17), 217 So.3d 368, 402-03, writs denied, 17-0952, 17-0967 (La. 11/13/17), 229 So.3d 478 and 230 So.3d 204. Further, the district court is not required to hear evidence concerning the time spent or the hourly rates charged since the record will reflect much of the services rendered. In awarding attorney fees, the district court is allowed to call upon its own experience and expertise in the valuation of legal services rendered by an attorney. *Action Oilfield Services, Inc. v. Energy Management Company*, 18-1146 (La. App. 1st Cir. 4/17/19), 276 So.3d 538, 544; *Naquin*, 951 So.2d at 232.

The district court has presided over the instant case since it was filed, including all of the appearances referenced by SC&D. Accordingly, the district court was in the best position to observe and evaluate the attorneys' work, having seen the development and evolution of this case as a whole. After thoroughly reviewing the record, we are unable to say the $2,500 award of attorney fees was an abuse of the district court's great discretion.

Regarding SC&D's request for additional attorney fees for this appeal, the general rule is that an increase in attorney fees may be awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. *Naquin*, 951 So.2d at 233. Since SC&D has successfully defended this appeal, we find a $2,000 increase in attorney fees is warranted by the work this

13

appeal necessitated, including the preparation of an appellate brief and an answer to the appeal. We will render judgment accordingly.

## CONCLUSION

For the reasons assigned, the April 16, 2019 summary judgment in favor of plaintiff, Stevens Construction & Design, LLC, and against defendant, Candice R. Hillman, is affirmed. Further, we award additional attorney fees to Stevens Construction & Design, LLC in the amount of $2,000 for successfully defending this appeal. Ms. Hillman is to pay all costs of this appeal.

**AFFIRMED AND RENDERED.**